UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 08-CR-76 |
| ) | |
| v. ) | Statement of Reasons Pursuant to |
| ) | 18 U.S.C. § 3553(c)(2) |
| ) | |
| MICHAEL KING, ) | |
| ) | |
| Defendant. ) | |

**JACK B. WEINSTEIN, Senior District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guideline sentence, such a statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

1

On August 1, 2008, Michael King pled guilty to count four of a forty-count eleventh superseding indictment, which charged that he and others conspired to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by extortion. Count four stated that King and others agreed to obtain property, specifically cash and check payments relating to John Doe #4's construction work, with consent from John Doe #4 that was to be induced through wrongful use of actual and threatened force, violence, and fear, in violation of 18 U.S.C. § 1951(a).

King was sentenced on December 1, 2008. The proceeding was also videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twelve and defendant's criminal history category to be one, yielding a guidelines range of imprisonment between ten and twelve months. The offense carried a maximum term of imprisonment of 20 years. See 18 U.S.C. § 1951. The guidelines range of fine was from $3,000 to $30,000. The underlying charges in the superseding indictment were dismissed upon motion by the government.

King was sentenced to six months imprisonment and three years supervised release. A $100 special assessment, to be paid forthwith, and a fine of $3,000, to be paid within six months, were imposed. The issue of restitution was adjourned to the restitution hearing to be held for this and related cases.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under section 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The crime is serious because it adversely and negatively impacted commerce, including the construction industry. As a union steward, King held an important role at his work site and held fiduciary obligations to others. He gained a substantial amount of money through illegal activities involving organized crime. King otherwise has a law-abiding background, evidenced by the many letters submitted to the court about his positive work and family history. He has demonstrated a commitment to productive work by obtaining a new job to support his family and his young daughter in particular. A sentence of six months reflects the seriousness of the offense, will promote respect for the law, and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in organized crime will result in substantial punishment. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's ability to apply for certain employment. It is unlikely that King will engage in further criminal activity given his family circumstances, his good work history and family background, and his stated commitment to leading a law-abiding life in the future.

Jack B. Weinstein
Senior United States District Judge

Dated: December 2, 2008
Brooklyn, New York

3